# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| PRESTON HOLLOW CAPITAL, LLC, §<br>*Plaintiff* §<br>§<br>v. §<br>§<br>COTTONWOOD DEVELOPMENT §<br>CORPORATION and THE CITY OF §<br>HUTTO, TEXAS, §<br>*Defendants* § | Case No. 1:20-cv-00978-LY-SH |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE LEE YEAKEL**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff and Counter-Defendant Preston Hollow Capital, LLC's Motion to Dismiss Counter-Plaintiffs' Counterclaims, filed November 5, 2020 (Dkt. 8); Defendants Cottonwood Development Corporation and The City of Hutto's Motion to Dismiss Plaintiff's Complaint, filed December 15, 2020 (Dkt. 15); Defendants' First Amended Rule 26(c) Motion to Stay Discovery and for Protection, filed January 12, 2021 (Dkt. 20); Plaintiff's Motion to Compel 30(b)(6) Depositions, filed January 15, 2021 (Dkt. 23); Defendants' Motion for Leave to File Surreply to Plaintiff's Motion to Compel, filed February 1, 2021 (Dkt. 31); and the associated response and reply briefs.

On January 12, 2021, the District Court referred all pending and future motions in this case to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 21.

## I. Background

Plaintiff Preston Hollow Capital, LLC ("Preston Hollow") contends that Defendants Cottonwood Development Corporation ("Cottonwood"), a Texas non-profit local government corporation, and the City of Hutto, Texas (the "City"), a home rule municipality, violated the Takings Clause of the Fifth Amendment of the United States Constitution when they refused to return $15 million Preston Hollow provided to Defendants under a loan agreement. Preston Hollow is a non-bank finance company that funds economic development and infrastructure projects for municipal governments and development corporations. Dkt. 1 ¶ 10.

Cottonwood and the City engaged Preston Hollow to assist with a project relating to the relocation of Perfect Game Incorporated's headquarters to Hutto, Texas (the "Project"). *Id.* ¶¶ 12-13. Perfect Game hosts amateur baseball events and provides information about baseball to players, families, Major League Baseball organizations, college coaches, and fans. *Id.* ¶ 14. For the Project, the City needed financing to purchase tracts of land to house Perfect Game's headquarters, along with a mixed-use development comprising office, commercial, retail, residential, public athletic fields, and other recreational spaces. *Id.* ¶ 15. Preston Hollow proposed a term sheet for the Project, which the City Mayor executed on January 28, 2020, on behalf of both the City and Cottonwood. *Id.* ¶ 29, 32.

On February 14, 2020, Preston Hollow and Cottonwood executed a Loan Agreement, Promissory Note, and First and Second Lien Deeds of Trust. *Id.* ¶ 36. Under the Loan Agreement, Preston Hollow provided Cottonwood an initial disbursement of $15 million, in two parts. *Id.* ¶ 39. First, Preston Hollow disbursed $12,445,038.24 through Longhorn Title Company. Cottonwood used these funds to acquire two tracts of land from the City for the Project, to settle a pending lawsuit between the City and a previous Project developer, and to reimburse the costs of the loan

issuance. *Id.* ¶¶ 20, 39, 60. Second, Preston Hollow disbursed $2,554,961.76 to be held in escrow by the title company ("Escrowed Funds") until Cottonwood satisfied the conditions of disbursement for those funds, which included providing (1) invoices showing the funds were being used for qualified public purposes, and (2) post-closing contractor agreements and line-item budgets for public-purpose predevelopment work. *Id.* ¶¶ 39, 43-44. The Loan Agreement also allowed for additional advances to Cottonwood of up to $20 million, subject to various conditions. *Id.* ¶ 40. The Loan Agreement specified that Cottonwood would default in certain circumstances, including if:

> (1) Preston Hollow determined that Cottonwood's or others' representations, warranties, or statements in the Loan Documents are materially false or misleading, and result or have the potential to result in a Material Adverse Change; or
>
> (2) the City fails to enter into a Chapter 380 Grant Agreement under the Texas Local Government Code within 60 days from the Effective Date, creating an Interlocal Agreement Default.

*Id.* ¶¶ 30(a), 41.

Preston Hollow alleges that, on April 24, 2020, Cottonwood demanded release of the Escrowed Funds without providing the public purpose documentation required under the Loan Agreement. *Id.* ¶ 47. On April 30, 2020, Preston Hollow sent Cottonwood a notice of default, asserting that the City had failed to enter into a Chapter 380 Grant Agreement with Preston Hollow within 60 days of the effective date, and also that Preston Hollow had determined that Cottonwood's warranties and representations regarding its indebtedness were materially false or misleading. *Id.* ¶ 49. Preston Hollow gave notice of its intent to exercise its right to accelerate the Promissory Note and declare the entire unpaid balance of $15 million in principal plus $377,500 in unpaid interest immediately due and payable if Cottonwood did not repay the disbursed funds within ten days. *Id.* ¶ 50. On May 4, 2020, Preston Hollow provided notice of Cottonwood's alleged default to the title company and requested immediate return of the Escrowed Funds. *Id.* ¶ 51. The Interim City

Manager informed the title company that the alleged default was in dispute, preventing release of the Escrowed Funds. *Id.*

On May 13, 2020, Preston Hollow provided notice of intent to commence foreclosure proceedings on the parcels of land purchased for the Project. *Id.* ¶ 53. Preston Hollow alleges that City Attorney Dorothy Palumbo responded that Preston Hollow could not foreclose because the Loan Agreement was "void or voidable" due to the City's failure to follow proper procedures in its creation and execution. *Id.* ¶¶ 55-56. On May 19, 2020, Preston Hollow sent another written demand for return of the disbursed funds, which Defendants refused. *Id.* ¶¶ 61, 67.

On September 22, 2020, Preston Hollow sued Cottonwood and the City, asserting a claim under 42 U.S.C. § 1983. Preston Hollow contends that Defendants' refusal to return loan funds deprives it of its rights under the Takings Clause of the Fifth Amendment to the United States Constitution. *Id.* ¶¶ 72-78. Cottonwood and the City seek dismissal of Preston Hollow's claim for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). Cottonwood and the City also filed counterclaims, which Preston Hollow seeks to dismiss for failure to state a claim under Rule 12(b)(6).

## II.   Legal Standards

A party seeking to challenge the court's subject-matter jurisdiction to hear a case may file a motion under Rule 12(b)(1). *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). When a Rule 12(b)(1) motion is filed in conjunction with other motions under Rule 12, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

### A. Rule 12(b)(1) Lack of Subject Matter Jurisdiction

The party claiming federal subject-matter jurisdiction must show that the court indeed has that jurisdiction. *Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013). A federal court properly dismisses a case or claim for lack of subject-matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the claims. *Home Builders Ass'n of Miss.*, 143 F.3d at 1010. In ruling on a Rule 12(b)(1) motion, the court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Spotts v. United States*, 613 F.3d 559, 566 (5th Cir. 2010). The trial court is "free to weigh the evidence and satisfy itself" that subject-matter jurisdiction exists. *MDPhysicians & Assocs., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

### B. Rule 12(b)(6) Failure to State a Claim

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

> action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III. Analysis

The Court addresses in turn the Motions to Dismiss filed by Defendants and Preston Hollow.

#### A. Defendants' Motion to Dismiss

First, Cottonwood and the City seek dismissal for lack of subject matter jurisdiction under Rule 12(b)(1).

#### 1. Subject Matter Jurisdiction

##### a. Standing

Defendants argue that Preston Hollow lacks standing because it has not sufficiently alleged that it had suffered an injury in fact at the time it filed the lawsuit, and also fails to demonstrate a causal connection between any alleged injury and the challenged actions of the Defendants. Dkt. 15 at 18-19. Standing is a component of subject matter jurisdiction properly raised by a motion to dismiss under Rule 12(b)(1). *Cobb v. Cent. States*, 461 F.3d 632, 635 (5th Cir. 2006). The standing requirement has three elements: (1) injury in fact, (2) causation, and (3) redressability. *Bennett v. Spear*, 520 U.S. 154, 167 (1997). The injury cannot be merely "conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Causation requires that the injury "fairly can be traced to the challenged action of the defendant" rather than to "the independent action of some third party not before the court." *Simon v. E. Ky. Welfare Rights*

*Org.*, 426 U.S. 26, 41-42 (1976). Redressability requires that it is likely, "as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (cleaned up). The party invoking federal subject matter jurisdiction bears the burden of establishing each element. *Ramming*, 281 F.3d at 161.

In its Complaint, Preston Hollow alleges that Defendants took $15 million, then denied "the validity or enforceability of any agreements relating to those funds while simultaneously refusing to return the funds upon written demand." Dkt. 1 ¶¶ 64, 77. Preston Hollow further alleges that Defendants used its funds to (1) acquire tracts of land related to the Project; (2) settle a lawsuit between the City and a previous developer; and (3) reimburse costs of the loan issuance, and that Defendants "prevented and continue to prevent return of the [Escrowed] funds." *Id.* ¶¶ 65, 67. Preston Hollow contends that it has suffered an injury in fact because "Defendants have taken, used, and/or deprived Preston Hollow of $15 million." Dkt. 16 at 8.

Accepting Preston Hollow's allegations as true, as the Court must, Preston Hollow has alleged a monetary injury in fact and a causal connection between Defendants' actions and the injury. Preston Hollow also has established redressability by asking the Court to enter judgment against Defendants for damages of $15 million plus interest. Accordingly, the Court finds that Preston Hollow has pled facts sufficient to establish standing.

### b. Federal Question

Defendants argue that Preston Hollow has not alleged facts necessary to support its claim for an unconstitutional taking under the Fifth Amendment, which eliminates the basis for federal question jurisdiction. Dkt. 15 at 3. Preston Hollow contends that it has invoked the Court's jurisdiction by pleading a constitutional deprivation, and that Defendants have confused failure to state a claim with lack of subject matter jurisdiction. Dkt. 16 at 9.

"Where the factual and jurisdictional issues are completely intermeshed the jurisdictional issues should be referred to the merits, for it is impossible to decide the one without the other." *McBeath v. Inter-Am. Citizens for Decency Comm.*, 374 F.2d 359, 363 (5th Cir. 1967); *see also Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981) (stating that, where defendant's challenge to jurisdiction also is a challenge to existence of a federal cause of action, district court should find that jurisdiction exists and treat the objection as a direct attack on the merits). Despite Defendants' arguments to the contrary, Defendants' jurisdictional arguments are "completely intermeshed" with whether Preston Hollow has alleged a plausible claim for relief. Accordingly, the Court reviews Defendants' federal question arguments as an attack on the merits of Preston Hollow's claims under Rule 12(b)(6).

### 2. Failure to State a Claim

Defendants argue that Preston Hollow has not sufficiently pled facts to support its Fifth Amendment takings claim under Section 1983. Defendants contend that Preston Hollow can allege no set of facts to show an unconstitutional taking because (1) contractual dealings of governments are not takings; (2) Cottonwood, a non-profit local government corporation, cannot commit a compensable taking; (3) the City is not a party to the Loan Agreement and received no loan proceeds; (4) the takings claim is based on a debt that has not been repudiated; and (5) the claim is not ripe. Dkt. 15 at 4, 7-9, 19.

#### a. Section 1983

To establish a prima facie case under Section 1983, the plaintiff must allege (1) a violation of a federal constitutional or statutory right, and (2) that the violation was committed by an individual acting under color of state law. *Doe v. Rains Cnty. Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995). Cities are included in the definition of individuals for purposes of a § 1983 claim. *Monell*

*v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Preston Hollow alleges that its claim arises from the Takings Clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, which provides that "private property shall not be taken for public use, without just compensation." *Lingle v. Chevron USA, Inc.*, 544 U.S. 528, 536 (2005).

### b. Fifth Amendment Takings

There are two general categories of Fifth Amendment takings: per se and regulatory. A government commits a per se taking when it invades real estate or otherwise appropriates physical property. *Degan v. Bd. of Trs. of Dallas Police & Fire Pension Sys.*, 956 F.3d 813, 815 (5th Cir. 2020). A government commits a regulatory taking when its regulation of private property is so onerous that it is tantamount to a direct appropriation or ouster. *Lingle*, 544 U.S. at 537. The Takings Clause does not prohibit the taking of private property for public use, but places a condition on the exercise of that power by requiring compensation to the property owner. *Id.*

Preston Hollow alleges that Defendants committed a per se taking by "refusing to return the Disbursed Funds, and preventing return of the Escrowed Funds" after Preston Hollow gave notice of Cottonwood's alleged default under the Loan Agreement. Dkt. 1 ¶ 76. Preston Hollow further alleges that Defendants' "assertions through Dorothy Palumbo, the City Attorney, that the Loan Documents are invalid and unenforceable, and their simultaneous refusal to return the funds, were acts that destroyed [Preston Hollow's] property rights, among others, and effected a taking of Plaintiff's private property for public use without just compensation." *Id.* ¶ 78.

Under the Loan Agreement, Preston Hollow agreed to loan up to $35 million to Cottonwood for "good and valuable consideration." Dkt. 15-2 at 6, 11, 15. The Loan Agreement states:

> Lender shall disburse to Borrower and Borrower shall receive, on the date hereof, FIFTEEN MILLION AND NO/100 ($15,000,000.00) ("Initial Advance") which Initial Advance shall be applied as follows:

> (a) $3,800,000 to acquire Tract Three;
> (b) $8,229,000 to acquire Tract Five;
> (c) Approximately $1,100,000.00 to reimburse contractors for costs related to the Project;
> (d) Approximately $1,070,000 for expenses that the City has incurred or will incur as with regard to due diligence costs related to the Project; and
> (e) $630,000.00 to settle that certain lawsuit . . . .

*Id.* at 17. In exchange for its funds, Preston Hollow received (1) a separately executed Promissory Note from Cottonwood agreeing to repay the amount of the loan at an interest rate of 10% per annum; (2) first and second lien deeds of trust on certain tracts of land purchased for the Project; (3) an indemnification agreement from Cottonwood; and numerous other rights detailed in the 52-page Loan Agreement. *Id.* at 9, 13, 14, 32-35. The Loan Agreement provisions and the allegations in Preston Hollow's Complaint make clear that Preston Hollow voluntarily negotiated a deal to transfer funds to Cottonwood at closing in exchange for consideration given by Cottonwood. *Id.*; Dkt. 1 ¶¶ 26-41.

Preston Hollow's takings claim is not facially plausible because it fails to allege facts showing that Defendants deprived it of an existing property right without compensation. Rather, Preston Hollow's allegations establish that it received contractual rights under the Loan Agreement in exchange for its funds, including a Promissory Note obligating Cottonwood to repay the debt. After Cottonwood's alleged default, Preston Hollow alleges that it "exercise[d its rights] to accelerate the Promissory Note" and "to pursue all rights and remedies available under the Loan Documents." Dkt. 1 ¶ 50. Preston Hollow received those rights under the Loan Documents in exchange for providing $15 million to Cottonwood.

"A takings claim is inappropriate where it duplicates a breach of contract claim and a breach of contract remedy is available to the plaintiff." *Rain & Hall Ins. Servs., Inc. v. Fed. Crop Ins. Corp.*, 229 F. Supp. 2d 710, 713 (S.D. Tex. 2002) (dismissing takings claim for failure to state a

claim where breach of contract remedy was available); *see also Pizel v. United States*, 833 F.3d 1366, 1376 (Fed. Cir. 2016) ("When a government breaches a contract, a party must seek compensation from the government in contract rather than under the takings clause."); *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs*, 493 F.3d 570, 576-77 (5th Cir. 2007) (dismissing takings claim where plaintiff alleged that state entity breached consent agreement); *Braden v. Tex. A&M Univ. Sys.*, 636 F.2d 90, 92 (5th Cir. 1981) ("Section 1983 liability is imposed for subjecting a person to the deprivation of rights secured by the Constitution and the laws of the United States, not for breach of contract."); *MW Builders of Tex., Inc. v. City of Wichita Falls*, No. 7:08-CV-00192-O, 2009 WL 2365443, at *4-6 (N.D. Tex. July 31, 2009) (dismissing Section 1983 claim based on City's withholding of monies under liquidated damages clause in contract).

On the facts as alleged, Preston Hollow voluntarily entered into the Loan Agreement with Cottonwood. Preston Hollow merely alleges a claim for Cottonwood's breach of the Loan Agreement. The Court therefore finds that Preston Hollow has failed to state a facially plausible takings claim under the Fifth Amendment and recommends that its claim under Section 1983 be dismissed. Because the Court finds that Preston Hollow has failed to allege a deprivation of constitutional rights, it need not reach Defendants' alternative arguments.

### B. Preston Hollow's Motion to Dismiss Counterclaims

Preston Hollow also seeks dismissal of Defendants' state law counterclaims for failure to state a claim under Rule 12(b)(6). However, once a court disposes of the claim supplying federal subject matter jurisdiction under Rule 12(b)(6), it is within the court's discretion whether to exercise supplemental jurisdiction over any state law claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *St. Germain v. Howard*, 556 F.3d 261, 263-64 (5th Cir. 2009) (per curiam). The Fifth Circuit generally favors dismissal when all federal claims have been dismissed and only

pendant state law claims remain. *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992). Because the undersigned Magistrate Judge recommends that Preston Hollow's Section 1983 claim be dismissed, the undersigned also recommends that the District Court decline to exercise supplemental jurisdiction over Defendants' remaining state law counterclaims and dismiss them for lack of subject matter jurisdiction under Rule 12(b)(1).

### C. Remaining Motions

Because the Court has recommended dismissal of all claims in this case, the Court further recommends that the District Court dismiss as moot Defendants' First Amended Rule 26(c) Motion to Stay Discovery and for Protection (Dkt. 20), Plaintiff's Motion to Compel 30(b)(6) Depositions (Dkt. 23), and Defendants' Motion for Leave to File Surreply to Plaintiff's Motion to Compel (Dkt. 31).

### IV. Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendants Cottonwood Development Corporation and The City of Hutto's Motion to Dismiss Plaintiff's Complaint (Dkt. 15) and **DISMISS** Plaintiff's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (Dkt. 1). The undersigned **FURTHER RECOMMENDS** that the District Court decline to exercise supplemental jurisdiction over Defendants' state law counterclaims and **DISMISS** Defendants' Original Complaint and Counterclaims for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) (Dkt. 4). The Court **FURTHER RECOMMENDS** that the District Court **DISMISS AS MOOT** Defendants' First Amended Rule 26(c) Motion to Stay Discovery and for Protection (Dkt. 20); Plaintiff's Motion to Compel 30(b)(6) Depositions (Dkt. 23); and Defendants' Motion for Leave to File Surreply to Plaintiff's Motion to Compel (Dkt. 31).

## V.  Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on March 2, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE