# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| PRESTON HOLLOW CAPITAL, LLC, §<br>*Plaintiff* §<br> §<br>v. §<br> §<br>COTTONWOOD DEVELOPMENT §<br>CORPORATION and THE CITY OF §<br>HUTTO, TEXAS, §<br>*Defendants* | Case No. 1:20-cv-00978-LY-SH |

## ORDER

Now before the Court are Defendants Cottonwood Development Corporation and The City of Hutto's Motion to Stay All Discovery Deadlines, filed March 22, 2021 (Dkt. 37), and Plaintiff's Response, filed March 29, 2021 (Dkt. 38).[1] On January 12, 2021, the District Court referred all motions in this case to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). Dkt. 21.

### I.  Background

On September 22, 2020, Plaintiff Preston Hollow Capital, LLC ("Preston Hollow") sued Cottonwood Development Corporation ("Cottonwood") and the City of Hutto, Texas (the "City"), asserting a claim under 42 U.S.C. § 1983. Dkt. 1. Preston Hollow alleges that Defendants violated the Takings Clause of the Fifth Amendment of the United States Constitution by refusing to repay a $15 million loan. Cottonwood and the City filed a motion on December 15, 2020 to dismiss Preston Hollow's claim for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). Dkt. 15.

---

[1] The deadline for Defendants' reply has not yet passed, but the Court need not wait for a reply before ruling on the motion. Local Rule CV-7(f)(2).

1

On February 19, 2021, Preston Hollow served interrogatories, requests for admission, and requests for production. Dkt. 37 at 1. On March 2, 2021, the undersigned Magistrate Judge issued a Report and Recommendation that the District Court dismiss Preston Hollow's claim and decline to exercise supplemental jurisdiction over Defendants' state law counterclaims. Dkt. 35. Preston Hollow filed objections to the Report and Recommendation, which are pending. Dkt. 36.

Defendants now seek to stay all discovery deadlines until thirty days after the District Court enters an order on the Report and Recommendation. Dkt. 37 at 2. Preston Hollow initially opposed Defendants' request for a stay, but states in its response that it "is unopposed to a stay of all discovery deadlines until ten (10) days from the date the Court enters an order on PHC's objections to the Magistrate Judge's Report and Recommendation." Dkt. 38 at 1.

## II.    Legal Standards and Analysis

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order on a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Under Rule 26(c)'s "good cause" requirement, the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

To determine whether a stay is appropriate, a court must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and eliminate the need for such discovery entirely. *Bickford v. Boerne Indep. Sch. Dist.*, 2016 WL 1430063, at *1

(W.D. Tex. Apr. 8, 2016). A stay of discovery may be appropriate where the disposition of a motion might preclude the need for the discovery altogether, thus saving time and expense. *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990).

The District Court's adoption of the pending Report and Recommendation would dispose of this case and eliminate the need for the discovery. Therefore, the Court finds that Cottonwood and the City have established good cause for a stay of discovery of limited duration. *See Shugart v. Hoover*, No. 4:17-CV-00633-ALM-CAN, 2018 WL 4600308, at *13 (E.D. Tex. Jan. 26, 2018) (staying discovery pending district court consideration of report and recommendation finding plaintiff's claims barred).

Accordingly, the Court **GRANTS** Defendants' Opposed Motion to Stay Discovery (Dkt. 37) and **ORDERS** that all discovery deadlines are stayed until **twenty (20) days** after the date that the District Court enters an order on the pending Report and Recommendation (Dkt. 35).

**SIGNED** on March 30, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE